IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ENNISS FAMILY REALTY I, LLC**                                                                                      **PLAINTIFF**

**VERSUS**                                                              **CIVIL ACTION NO. 3:11cv739-KS-MTP**

**SCHNEIDER NATIONAL CARRIERS, INC.**                                                          **DEFENDANT**

### OPINION AND ORDER

This matter is before the Court on the Plaintiff Enniss Family Realty I, LLC's Motion *in Limine* to Exclude Parol Evidence [64]. Plaintiff's motion seeks the exclusion at trial of any parol evidence concerning the interpretation of its commercial lease agreement with Defendant Schneider National Carriers, Inc. ("Schneider"). Plaintiff contends the relevant lease provisions are unambiguous and that the admission of parol evidence is conditioned on a finding of ambiguity. In the alternative, Plaintiff seeks the exclusion of certain documents produced by Schneider during discovery on the basis that the documents are irrelevant and constitute inadmissible hearsay. Plaintiff also requests a pretrial order precluding Schneider from offering at trial any parol evidence that was not disclosed during discovery. For the reasons stated below, Plaintiff's motion will be denied.

First, the Court has found the relevant lease agreement provisions to be ambiguous in ruling on the parties' competing motions for summary judgment. "[I]t is firmly established that when the language of a contract is ambiguous parol evidence may be admitted to clarify the meaning of the ambiguity." *Lange v. City of Batesville*, 972 So. 2d 11, 18 (¶ 8) (Miss. Ct. App. 2008) (citing *Aron v. Panola-Quitman Grain Corp.*, 490 So. 2d 891, 892-93 (Miss. 1986)).

Second, any pretrial ruling regarding the exclusion of certain pieces of evidence is unnecessary since this matter is set for a non-jury trial. (*See* Case Mgmt. Order [22] at ¶ 7.A.) As noted by the United States Court of Appeals for the Fifth Circuit:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court *to the jury* to disregard the offending matter cannot overcome its prejudicial influence on the *jurors' minds*.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (emphasis added; citation omitted).  Such a motion serves no real purpose in a bench trial, "as the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk." *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001); *see also United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009) (providing that the need for a motion in limine became moot once the defendant waived his right to a jury trial).  The Court will address the admissibility of the parties' evidentiary submissions upon any objection properly raised at trial.

Third, it is unclear whether Schneider intends to offer into evidence any parol evidence that was not disclosed during discovery.  Thus, the Court will defer from issuing an opinion regarding this undeveloped issue at this time.  Either party may object at trial to the admission of any evidence that the other failed to disclose during the discovery phase of this action.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion *in Limine* to Exclude Parol Evidence [64] is denied.

SO ORDERED AND ADJUDGED this the 2nd day of January, 2013.

>                     *s/Keith Starrett*
>                     UNITED STATES DISTRICT JUDGE